**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:09CR00032 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| FRANK D. COCHRAN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the motion of the United States of America (the "Government") to detain the defendant Frank Cochran ("Defendant") pending sentencing. (Doc. No. 6.) Defendant submitted a bench brief in opposition to the motion, which the Court has taken into consideration. Oral argument was held on the record on February 11, 2009. The matter has now been fully briefed and argued and is ripe for decision.

**I. Factual and Procedural Background**

Defendant was charged in a single count information with knowingly receiving and distributing child pornography in violation of 18 U.S.C. § 2252(A)(a)(2)(A). On February 11, 2009, he pled guilty to the charged offense. The Government asked that Cochran be detained while he awaits sentencing, arguing that such detention is mandatory pursuant to 18 U.S.C. § 3143(a)(2). Defendant asked instead that he be released pending sentencing, arguing that the district court has discretionary authority to order his release under 18 U.S.C. § 3145(c). Defendant maintains that the requirements of 18 U.S.C. § 3145(c) are met in this case, including establishing "exceptional reasons" for permitting his release.

In proceedings held on the record following Defendant's entry of his guilty plea, the Court ordered Defendant detained pursuant to 18 U.S.C. § 3143(a)(2), concluding that the Court lacked jurisdiction to consider Defendant's argument under 18 U.S.C. § 3145(c). The Court hereby issues this memorandum opinion explaining its analysis in further detail.

## II. Law and Analysis

### A. 18 U.S.C. § 3143

There is no dispute that if 18 U.S.C. § 3143(a)(2) exclusively governs the detention issue, Defendant is not entitled to release. That section, entitled "Release or detention pending sentence," provides as follows:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person in the community.
> 18 U.S.C. § 3143(a)(2).

The crime to which Defendant pled guilty – knowingly receiving and distributing child pornography in violation of 18 U.S.C. § 2252(A)(a)(2)(A) – is an enumerated offense under 18 U.S.C. §3142(f)(1), so the provisions of § 3143(a)(2) (rather than subsection (a)(1)) apply. As a result, to avoid detention, Defendant must show either (1) a substantial likelihood that a motion for acquittal or new trial will be granted or (2) that the Government recommends that his sentence not include any term of imprisonment. He can do neither. Defendant pled guilty to the charged offense and did not go to trial, so there is no likelihood that a motion for acquittal or new trial will be

granted. Likewise, Defendant's crime carries a mandatory minimum sentence of five years in prison, so there is no possibility of the Government recommending a sentence that does not include a prison term. Under such circumstances, the statute provides that "[t]he judicial officer *shall order*" detention of the defendant pending sentencing. 18 U.S.C. § 3143(a)(2) (emphasis added). There is no discretion.

### B. 18 U.S.C. § 3145

Defendant nevertheless contends that the Court may order his release under 18 U.S.C. § 3145(c), and should do so in this case because he can demonstrate "exceptional reasons" why his detention pending sentencing is inappropriate. Because the Court disagrees and finds that it is without jurisdiction to consider Defendant's request under § 3145(c), detention is mandatory, and the Court cannot reach the merits of Defendant's "exceptional reasons" argument.

Defendant's position is not without support. Far from it. In fact, each of the six courts of appeals that has published a decision on the subject has concluded that § 3145(c) empowers the district court to release a defendant prior to sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991) (per curiam); *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991); *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992) (per curiam); *United States v. Jones*, 979 F.2d 804, 806 (10th Cir. 1992) (per curiam); *United States v. Mostrom*, 11 F.3d 93, 95 (8th Cir. 1993); *United States v. Garcia*, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003). Moreover, although the Sixth Circuit has never addressed the issue in a published opinion, its only unpublished opinion on the subject is in line with the other circuits. *See United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002).[1]

However, this seemingly powerful list of authorities holds considerably less

---

[1] It is well-established in this circuit that unpublished decisions are not binding precedent. *Bell v. Johnson*, 308 F.3d 594, 611 (6th Cir. 2002) (citing *Salamalekis v. Comm'r of Soc. Sec.*, 221 F.3d 828, 833 (6th Cir. 2000)).

persuasive value than an initial glance at the string cite would ordinarily indicate. That is because these circuit court opinions, which represent the majority view on the subject, "have uniformly given the question cursory treatment, foregoing rigorous analysis in favor of reliance on *stare decisis*." *United States v. Chen*, 257 F. Supp. 2d 656, 659 (S.D.N.Y. 2003). Indeed, despite the apparent consensus among the circuits that § 3145(c) applies to a district court's decision on whether to permit release during the post-plea (or guilty verdict), pre-sentence period, debate continues to rage at the district court level as to whether the consensus is correct. *Compare United States v. Miller*, 568 F. Supp. 2d 764, 769 (E.D. Ky. 2008) (finding jurisdiction under § 3145(c) to consider defendant's request for release pending sentencing based upon "exceptional reasons"), *with United States v. Smith*, --- F. Supp. 2d ----, 2009 WL 81862 (E.D. Ky. Jan. 12, 2009) (finding no authority to consider a request for release under § 3145(c)). The bottom line reason why the circuit opinions have failed to settle the question is that none of those opinions engaged in a thorough analysis of the statute. When such an analysis is performed, the most persuasive reading of the statute (which this Court now adopts) yields the conclusion that § 3145(c) is not available to the district court.

### 1. The Plain Language of 18 U.S.C. § 3145 Establishes That It Applies Only to Appeals

Section 3145(c), entitled "Appeal from a release or detention order[,]" provides:

> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of [28 U.S.C. § 1291] and [18 U.S.C. § 3731]. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

"[T]he authoritative statement is the statutory text, not the legislative history or any

other extrinsic material." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 US. 546, 568 (2005). "The first step is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002) (internal quotation marks and citations omitted). Whether the language of a statute is plain or ambiguous is determined "by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).

Under the plain language of § 3145(c), a defendant "subject to detention pursuant to section 3143(a)(2)" may be released if it is determined that he meets the conditions of release set forth in § 3143(a)(1), i.e., he is not a flight risk and poses no threat to the community, and there are "exceptional reasons" why continued detention would be inappropriate. However, its plain terms also indicate that relief under § 3145(c) "is not available absent 'an appeal from a release or detention order.'" *Chen*, 257 F. Supp. 2d at 659. Accordingly, since the Court is now addressing the release/detention issue in the first instance, Defendant's arguments must fail.

The first sentence of the subsection states that "[a]n appeal from a release or detention order is governed by the provisions of [28 U.S.C. § 1291] and [18 U.S.C. § 3731]." Both of those statutes "relate *solely* to review of a final order of a district court by a court of appeals." *Id*. at 660-61.[2] "In light of this language, it is illogical to postulate that a district court should apply § 3145(c) when initially ruling on a release or detention motion." *In re Sealed Case*, 242 F. Supp. 2d 489, 492 (E.D. Mich. 2003). The references to 28 U.S.C. § 1291 and 18 U.S.C. § 3731 "would be rendered meaningless if section 3145(c) were contorted to apply to a district court because both of

---

[2] "The sole purpose of title 28 U.S.C. § 1291 is to assign jurisdiction to courts of appeals 'from all final decisions of the district courts of the United States' and other territorial district courts." *United States v. Nesser*, 937 F. Supp. 507, 509 (W.D. Pa. 1996). Likewise, "[t]he sole purpose of title 18 U.S.C. § 3731 is to establish, in criminal cases, when 'an appeal by the United States shall lie to a court of appeals.'" *Id*.

the statutes cited in the first sentence of section 3145(c) create jurisdiction for appellate courts, not district courts." *Smith*, 2009 WL 81862, at *7 (citing *United States v. Nesser*, 937 F. Supp. 507, 509 (W.D. Pa. 1996)). "To read the first sentence as empowering district courts to hear appeals under statutes creating appellate jurisdiction is a contrived reading, especially given that district judges would hear appeals from themselves." *Id.*

"It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989). Here, review of the overall structure of § 3145 confirms the conclusion that subsection (c) grants no authority to the district courts. Subsection (a) concerns "review" by a district court of an order of release entered by "a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court." 18 U.S.C. § 3145(a). Subsection (b) provides for analogous review of an order of detention. Contrast these two subsections with subsection (c), which governs an "*appeal* from a release or detention order, or from a decision denying revocation or amendment of such an order." 18 U.S.C. § 3145(c) (emphasis added). "[T]he use of the word "appeal" in place of "review" weigh[s] heavily in favor of reading section 3145(c) to apply only to appellate courts." *Chen*, 257 F. Supp. 2d at 660. Moreover, subsections (a) and (b) refer to judicial decisionmakers "other than a Federal appellate court," while subsection (c) contains no such reference. "The natural and justifiable conclusion to draw from this structure is that the 'other than a Federal appellate court' language is left out of section 3145(c) because Congress was addressing federal appellate courts in that section, and so did not need to separately distinguish them." *Nesser*, 937 F. Supp. at 509.

The analysis need not, and therefore should not, proceed any further. Where the

text of the statute is unambiguous, the judicial inquiry ends, and the plain meaning of the statute must be enforced. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992). Finding that the plain and unambiguous language of § 3145 makes subsection (c) applicable only to an appeal from a release or detention order, it cannot be invoked by Defendant in this case in support of his request for pre-sentencing release.

### 2. Even if 18 U.S.C. § 3145 Is Ambiguous, Principles of Statutory Interpretation Lead to the Conclusion That It Applies Only to Appeals

However, even if the statutory language could be deemed ambiguous, necessitating further inquiry, on balance, the relevant considerations counsel strongly against finding any role for the district court in applying § 3145(c). Like the strict statutory analysis, these extrinsic considerations have been thoroughly explicated in prior district court opinions.

"[T]he title of a statute or section can aid in resolving an ambiguity in the legislation's text." *INS v. Nat'l Ctr. for Immigrants' Rights, Inc.*, 502 U.S. 183, 189 (1991). Subsection (c) is titled "[a]ppeal from a release or detention order." This is in comparison to the other two subsections of § 3145, respectively titled "[r]eview of a release order" and "[r]eview of a detention order." 18 U.S.C. § 3145(a) & (b). As noted by the district court in *Chen*, the ordinary meaning of the word "appeal" is "to seek review (from a lower court's decision) *by a higher court*." *Chen*, 257 F. Supp. 2d at 660 (citing Black's Law Dictionary (7th ed. 1999)). Thus, "the most direct reading of 'appeal' as used in the title of section 3145(c) is that it refers to review from a lower court to a higher court, which by definition cannot include review from the same court issuing the release or detention order." *Smith*, 2009 WL 81862, at *6 (citing *Chen*, 257 F. Supp. 2d at 660).

7

Likewise, the idea that the "exceptional reasons" language in § 3145(c) should be read in conjunction with the provisions of § 3143 establishing the procedures for determining whether a defendant should be detained or released while awaiting sentencing is essentially without foundation. "If Congress had intended to invest district courts with the discretion to determine whether 'exceptional reasons' existed, [. . .] it would have said so in § 3143." *In re Sealed Case*, 242 F. Supp. 2d at 492. As the court in *Chen* put it:

> If Congress had intended the "exceptional reasons" provision of section 3145(c) to be an available alternative to mandatory detention under section 3143(a)(2) and (b)(2), it is surely misplaced in a section governing appellate review. Had Congress simply added the "exceptional reasons" language to section 3143, there would be no question as to its availability to district courts. The placement of the "exceptional reasons" provision is especially telling in light of the fact that it was adopted at the same time as the mandatory detention amendments to section 3143. Why would Congress, primarily concerned with amending section 3143, place the "exceptional reasons" provision in an entirely different section? The only plausible answer is the one supported by the text itself: Congress intended section 3145(c) for the appellate courts alone.

*Chen*, 257 F. Supp. 2d at 661 (footnotes omitted).

Finally, analysis of the related procedural rules confirms that § 3145(c) applies only on appeal. Compare Federal Rule of Criminal Procedure 46, which applies to the district courts, with Federal Rule of Appellate Procedure 9, applicable to the courts of appeals. Fed. R. Crim. P. 46, entitled "Release from Custody," provides that "[t]he provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." By contrast, Fed. R. App. P. 9, titled "Release in a Criminal Case," expressly states: "(c) Criteria for Release. The court must make its decision regarding release in accordance with the applicable provisions of 18 U.S.C. §§ 3142, 3143, and 3145(c)." Only one conclusion can reasonably be drawn from this comparison. That is, "[a]ny ambiguity about the 'exceptional reasons' provision created by its placement in section 3145(c) is […] answered by Congress' clear statement: a district court considering release pending sentencing or

8

appeal is to look *only* at section 3143 [per Federal Rule of Criminal Procedure 46]; a court of appeals should look at sections 3143 *and* 3145(c) [per Federal Rule of Appellate Procedure 9]." *United States v. Harrison*, 430 F. Supp. 2d 1378, 1383 (M.D. Ga. 2006) (quoting *Chen*, 257 F. Supp. 2d at 662).

### 3. Contrary Case Authority is Unpersuasive

On the other side of the ledger, those courts finding in § 3145(c) trial court authority for ordering release pending sentencing base their conclusions in large part upon two considerations: (1) that the weight of authority, comprised largely of the aforementioned circuit court opinions, holds in favor of such a conclusion; and (2) that the statutory text is ambiguous, and the legislative history suggests that § 3145(c) applies to the district courts.[3] *See United States v. Burnett*, 76 F. Supp. 2d 846, 849 (E.D. Tenn. 1999) (finding itself unable to "ignore the clear weight of authority."); *United States v. Miller*, 568 F. Supp. 2d 764, 772 (E.D. Ky. 2008) (finding ambiguity in the text and, after reviewing the legislative history, concluding "that Congress did not intend to preclude district courts from making determinations of 'exceptional reasons' under § 3145(c).") The criticisms of both these points are well-documented. The Court finds such criticisms both valid and, ultimately, persuasive that the contrary "minority" view is the correct one.

The first point – that the ostensible "majority" view should be followed on *stare decisis* grounds – is rather easily (though not at all lightly) dispensed with. Even the courts that

---

[3] Another argument receiving some attention from courts in the majority is that Congress must have intended the district courts to entertain requests for release based upon "exceptional reasons" simply because appellate courts are ill-suited to finding facts. *See, e.g., Miller*, 568 F. Supp. 2d at 772 n.9 (citing *Price*, 2008 WL 215811, at *8). This is strictly a policy argument, and has no antecedent in the statutory text. As several district courts have previously pointed out, it is not necessarily even true, as Fed. R. App. P. 9(b) "'permits consideration by the court of appeals of evidence that may not have been before the trial judge,' [so] independent review by the court of appeals must have been contemplated by Congress." *United States v. Salome*, 870 F. Supp. 648, 653 (W.D. Pa. 1994) (quoting *United States v. Provenzano*, 605 F.2d 85, 93 (3d Cir. 1979)). Accordingly, it is not a legitimate basis for construing a statute in any particular way. *See Smith*, 2009 WL 81862, at *8 (citing *Salome*, 870 F. Supp. at 653).

follow this view acknowledge that the circuit opinions uniformly fail to delve deeply into the statutory analysis. *See Burnett*, 76 F. Supp. 2d at 848-49 (finding that the courts in *Mostrom*, *Jones*, *Herrera-Soto*, and *DiSomma*, accepted the position that § 3145(c) applied to the district court without any analysis at all and/or without explaining the underlying reasoning); *Miller*, 568 F. Supp. 2d at 769 (noting that the *DiSomma*, *Jones*, and *Mostrom* opinions do not contain any independent statutory analysis). Likewise, the Ninth Circuit's *Garcia* opinion includes no objective analysis of the statute. *Smith*, 2009 WL 81862, at *2. The only circuit opinion giving the issue anything more than cursory treatment is the first one, the Fifth Circuit's 1991 *per curiam* opinion in *Carr*. It resolved the issue in a single paragraph, providing (as the district court in *Chen* explained in detail) three essential reasons supporting its conclusion: "(1) that the term 'judicial officers' encompasses district courts; (2) that two district courts had already availed themselves of section 3145(c); and (3) that the 'exceptional reasons' provision was added to provide an alternative to mandatory detention." *Chen*, 257 F. Supp. 2d at 663. These reasons are not persuasive. Specifically, while the term "judicial officers" can at times include district judges, when read in the appropriate context, situated as it is in a provision dealing with appellate review, it is properly construed to mean only appellate judges. *Id*. Neither of the two district court opinions cited by the court in *Carr* expressly considered the statutory question. *Id*. And finally, while the Fifth Circuit "correctly noted that the 'exceptional reasons' provision 'was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions,' there is *no* suggestion in the statute or its meager legislative history that this alternative avenue was intended to be available to the district courts." *Id*. at 663-64 (citing *Carr*, 947 F.2d at 1240).

This Court does not lightly disregard such a unanimous view emanating from the

courts of appeals. However, having carefully considered the underlying reasoning, and in the absence of controlling precedent from the Sixth Circuit, the Court finds those decisions unpersuasive.[4] Those decisions, "however well-intentioned, reflect a certain circularity of reasoning." *United States v. Bloomer*, 791 F. Supp. 100, 102 n.1 (D. Vt. 1992). Most importantly, "these decisions ignore certain fundamental principles of statutory interpretation." *United States v. Salome*, 870 F. Supp. 648, 652 (W.D. Pa. 1994).

The other major line of reasoning supporting the ostensible majority position is premised upon a finding of ambiguity in the statutory text, coupled with a corresponding conclusion that the legislative history weighs in favor of finding that § 3145(c) applies to the district court. As explained exhaustively above, this Court finds that the statutory language unambiguously indicates that § 3145(c) does not apply to a district court's determination regarding whether to release or detain a defendant prior to sentencing. Moreover, as also discussed in detail, analysis of the pertinent non-textual considerations also favors finding § 3145(c) inapplicable to the instant case. Cases finding the contrary are based upon an unconvincing reading of the legislative history.

Courts finding significant meaning in the legislative history generally do so in two ways. First, they note that Congress added the mandatory detention provisions of §§ 3143(a)(2) and (b)(2) at the same time it added the "exceptional reasons" language to § 3145(c). *See, e.g., United States v. Price*, No. 5:06CR41-11-V, 2008 WL 215811, at *6 (W.D.N.C. Jan. 24, 2008); *Miller*, 568 F. Supp. 2d at 772-74. Decisions like *Price* reason that the simultaneous enactment of these two provisions evidences Congressional intent to "create an exception to the mandatory detention provision within § 3143(a)(2). *Id*. The problem with this argument (which dates all the

---

[4] This Court joins with Judge Gadola in urging the Sixth Circuit to reconsider its unpublished decision in *Cook* before publishing an opinion on this issue. *See In re Sealed Case*, 242 F. Supp. 2d at 495 n.7.

way back to the Fifth Circuit's opinion in *Carr*) is that it is founded exclusively upon extrapolation based upon the timing. As noted in *Chen*, neither the statute nor the legislative history contains any evidence that Congress actually intended the exception to apply to the district courts. *Chen*, 257 F. Supp. 2d at 663-64.

Second, proponents of a conclusion based on the legislative history suggest that a letter sent by a Department of Justice attorney to the Senator who sponsored the legislation did not explicitly mention any limitations on a district court's ability to consider "exceptional circumstances." *Price*, 2008 WL 215811, at *7. Without placing too fine a point on it, reasoning of this kind is precisely why the appellate courts frequently caution against over-emphasizing legislative history. *See Isle Royale Boaters Ass'n v. Norton*, 330 F.3d 777, 784-85 (6th Cir. 2003) ("We are wary of relying on individual legislators' statements, because individual statements are often contradicted or at least undermined by other statements in the legislative record."); *see also Schmitt v. City of Detroit*, 395 F.3d 327, 330 (6th Cir. 2005). In this case, the letter that purportedly supports finding § 3145(c) applicable to the district courts was not even written by a legislator, but rather represents the view of a single attorney – in the Executive Branch – as to what the legislation might mean. Moreover, it makes no definitive statement on the issue one way or the other. Instead, it can only be construed as supporting the desired interpretation of § 3145(c) if one is willing to read into the absence of any express limitation concerning the district court's authority as directly implying Congressional intent to affirmatively grant authority to the district court. This Court is unwilling to make such a logical extension, finding it unpersuasive and, at bottom, completely untethered from the statutory text. *See Shannon v. United States*, 512 U.S. 573, 583 (1994) (refusing to give any weight to a "passage of legislative history that is in no way anchored in the text of the statute").

12

**III. Conclusion**

It is undisputed that Defendant does not qualify for pre-sentencing release under 18 U.S.C. § 3143(a)(2). Employing the traditional tools of statutory interpretation, the text, structure, and context of 18 U.S.C. § 3145(c) lead the Court to conclude that the statute grants authority to find "exceptional reasons" meriting release pending sentencing only to appellate courts. As a result, this Court lacks authority to address Defendant's contention that exceptional reasons exist to justify his release in this case. The Government's motion for detention pending sentencing is, therefore, **GRANTED**.

**IT IS SO ORDERED**.

Dated: February 13, 2009

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**